UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DWAYNE THORNTON                                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION NO.: 3:10CV150-DPJ-FKB

ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS                      DEFENDANT

ORDER

This cause is before the Court on motion [17] of the United States to dismiss pursuant to Federal Rules of Civil Procedure 4(I) and 4(m) for failure to properly serve the United States. Plaintiff never responded to the Government's motion which is well-taken and granted.

The history of this case was set out in the Court's October 21, 2011 Order [15] and is incorporated by reference. In general, Plaintiff has never perfected service under Rule 4(I) of the Federal Rules of Civil Procedure. That rule sets out the manner in which service of process must be made on the United States and its agencies:

> (1) Service upon the United States shall be effected
>     (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney *and*
>     (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>     (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a cop of the summons and of the complaint by registered or certified mail to the officer or agency.
>
> (2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) *and* by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

(Emphasis added.)  Thornton attempted to serve Defendant Eric K. Shinseki by certified mail; he did not serve a copy of the summons and the complaint on the United States Attorney for the Southern District of Mississippi or the Attorney General.

Plaintiff must serve process on Defendants within 120 days of the filing of the complaint as required by Federal Rule of Civil Procedure 4(m).  Here, Thornton filed this action on March 5, 2010, and received an extension until July 13, 2010, to serve process.  The rule states that if service is not perfected in this time, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice . . . ."  Fed. R. Civ. Pro. 4(m).  In its prior Order, the Court directed Plaintiff to show cause why his complaint should not be dismissed without prejudice pursuant to Rule 4(m).

In response, Thornton filed a copy of a Return Receipt [19] reflecting delivery of two items — one to "The Department of Justice, Office of the Attorney General for the Southern District United States. . . Jackson, MS" and one to "United States Attorney's Office, Southern District of Mississippi . . . Jackson, Mississippi."  Assuming this represents delivery of the summons and complaint, Thornton still did not comply with Rule 4(i)(1)(B) because he did not serve the "Attorney General of the United States at Washington, District of Columbia."

Thornton also filed a response to the Order, submitting that he was acting in good faith and asking the Court to show leniency because he is proceeding *pro se*.  As explained by the Fifth Circuit Court of Appeals in *Systems Signs Supplies v. United States Department of Justice, Washington, D.C.*,

> To establish good cause, a litigant must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.  Additionally, the claimant must make a showing of good faith and establish some reasonable basis

> for noncompliance within the time specified. [The plaintiff] relies on his *pro se* status to support his claim that good cause existed for his failure to perfect service.  Additionally, he points to his repeated attempts to comply with the rules as evidence of his good faith.  The district court implicitly found that this was insufficient to establish good cause.
>
> Pro se status does not excuse a litigant's complete failure to effect service. [The plaintiff], however, attempted service on the federal defendants more than once within the statutory period and each defendant apparently had actual notice of the suit.  Although the actual notice and his efforts, coupled with his *pro se* status, arguably provide grounds for leniency in considering the technical imperfections of service, we find that the district court did not abuse its discretion.

903 F.2d 1011, 1013 -1014 (5th Cir. 1990) (internal citations and quotations omitted).

Thornton argues that "the United States has knowledge of this civil matter and has responded in opposition to the Default Motion request served upon The Department of Veterans Affairs."  Pl.'s Response [16] ¶ 1(g).  But Thornton has not submitted anything to substantiate this assertion, and the first filing by the Assistant United States Attorney, a response [13] to Thornton's motion for default judgment, occurred eighteen months after suit was filed.  Conversely, in *Systems Signs Supplies,* an Assistant United States Attorney notified the *pro se* plaintiff, prior to the expiration of the 120-day period, that he had not properly served the United States, but the plaintiff took no further action.  903 F.2d at 1013.  Thus, the Court could infer that "each defendant apparently had actual notice of the suit" within the statutory period, but nevertheless concluded dismissal was not an abuse of discretion.  *Id.* at 1014.  In the instant case, there is no indication that defendants had actual notice of suit within the statutory period.

Essentially, Thornton's only explanation for why he failed to properly serve the United States within the time limit (and still has not properly served) is his *pro se* status.  But *pro se* status does not excuse a failure to effect service.  *See id.* at 1014; *see also Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) ("To hold that a pro se litigant's ignorance of Rule 4(j) excuses

3

his compliance with the rule would automatically excuse his failure to serve his defendants timely. As the Ninth Circuit has written, '[t]o hold that complete ignorance of Rule 4(j) constitutes good cause for untimely service would allow the good cause exception to swallow the rule.' *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987). We conclude therefore that the district court erred in denying [the defendant's] motion to dismiss for insufficient service of process.").

Thornton to date has failed to serve process in compliance with Rule 4(i), the time do so under Rule 4(m) (and the Court's extension) has passed, and Plaintiff has not shown good cause for his failure.  As such, the Court finds this case should be dismissed without prejudice pursuant to Rule 4(m).

A separate judgment will be entered in accordance with Rule 58.

**SO ORDERED AND ADJUDGED** this the 16th day of December, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE